Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
Ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
RANDI BEREZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDI BEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HIGHTIMES HOLDING CORP., a Delaware Corporation; GREEN RUSH DAILY, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff, RANDI BEREZ ("BEREZ"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

This is a case about theft: the illegal taking of original content by a web publication whose entire business model is predicated on the unauthorized exploitation of others' artistic work. Plaintiff BEREZ brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of her original photography by Defendants HIGH TIMES HOLDING CORP. ("HIGH TIMES"), and GREEN RUSH DAILY, LLC ("GREEN RUSH") (Collectively referred to herein as "Defendants").

BEREZ is an award-winning photojournalist whose photographs have been published in Men's Health Magazine, GQ Magazine, and Women's Health Magazine, among many other influential publications.

HIGH TIMES and GREEN RUSH own and operate the website https://greenrushdaily.com, a website that primary publishes short articles featuring misappropriated or unoriginal content, deriving its revenues primarily from advertisers paying for unique visitor impressions. Defendants posted an article on the greenrushdaily.com website containing one of BEREZ's photographs and did so without acquiring from BEREZ a license or authorization to publish the work. This article was posted to Defendants' site to drive traffic (and advertising revenue).

Copyright law exists to combat and deter such conduct – it incentivizes the creation of new works by providing a means for creators to protect the work they have invested so much time, effort, and resources in creating, and to deter the unlawful exploitation of those works. The unauthorized exploitation of original art by Defendants cannot be countenanced.

To that end, BEREZ brings this lawsuit, alleging the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. BEREZ is an individual residing in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant HIGH TIMES, is a Delaware Corporation and is properly registered and conducts business in the state of California at its office located at 10990 Wilshire Boulevard, Penthouse, Los Angeles, California 90024.

6. Plaintiff is informed and believes and thereon alleges that Defendant GREEN RUSH, is a Delaware Limited Liability Company, and is the owner of the website at www.greenrushdaily.com, and does business in and with the State of California and this District.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS**

9. Plaintiff, BEREZ, created and owns the original photograph (the "Subject Photography") titled "Bare-Chested Man Running By The Sea." A true and correct depiction of the Subject Photograph is attached hereto **Exhibit A.**

10. The Subject Photograph waw published before the infringement at issue, and Plaintiff has applied for and/or received a copyright registration covering the Subject Photograph.

11. Defendants published a post (the "Subject Post") on its website incorporating the Subject Photograph. True and correct screencaps of the infringing uses on the Subject Post are attached hereto in **Exhibit B**. Said material will be referred to as "Infringing Content" herein.

12. Plaintiff is informed and believes and thereon alleges that, without her authorization, Defendants, and each of them, used, exploited, displayed, and distributed an image that is identical, or substantially similar, to the Subject Photograph in a website post on the website at www.greenrushdaily.com.

13. Plaintiff is informed and believes and thereon alleges that Defendants operate a derivative news and culture website and derives revenues by selling

advertising against its content and links, and that those revenues increase as traffic to the website, and clicking on links in the website, increases.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on Plaintiff's website or in Plaintiff's social media, (b) viewing digital copies of the Subject Photograph on a third-party website, (c) viewing the Subject Photograph at an exhibition or in images of an exhibition, and (d) viewing the Subject Photograph online.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were copied from the Subject Photograph and exploited said image in at least one website post titled "Everyday Activities That Get Surprisingly Better With Weed."[1] Screen captures of the Infringing Content at four separate URL addresses are attached hereto as **Exhibit B.**

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photograph and by publishing the work that infringes Plaintiff's rights to the public, including without limitation, through greenrushdaily.com and its network of sites and social media presences.

---

[1] *See* http://Greenrushdaily.com/culture/everyday-activities-better-weed/2/

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's authorization or consent.

19. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

22. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

23. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing the photograph obtained from third

parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

24. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

27. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, any of the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505;

e. That Plaintiff be awarded her costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

      i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                                Respectfully submitted,

Dated: April 5, 2021                 By: */s/ Scott Alan Burroughs*
                                                 Scott Alan Burroughs, Esq.
                                                 Trevor W. Barrett, Esq.
                                                 DONIGER / BURROUGHS
                                                 Attorneys for Plaintiff
                                                 Randi Berez

# **EXHIBIT A**



# EXHIBIT B



